# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ABIOLA ATINUKE BALOGUN<br>5919 Prince Place Drive<br>Rosenberg, TX 77471<br><br>          Plaintiff<br><br>          v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>UR M. JADDOU, in her official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>          Defendant(s). | Civil Action No: 1:23-cv-1634 |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS, VIOLATION OF THE APA, AND PETITION FOR NATURALIZATION UNDER 8 USC §1447(b)**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COMES NOW ABIOLA ATINUKE BALOGUN (hereinafter "Plaintiff BALOGUN" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff BALOGUN's Form N-400, Application for Naturalization, ("Application") within a reasonable period of time. The Application has been in pending status for a total period of over two years, eleven months (over 35 months or 1067 days). The Oath Ceremony for the Plaintiff has been pending for over one year and 10 months (over 22 months or 685 days) from the date of Plaintiff's last examination was held. The Plaintiff has a clear right to adjudication of her Application in a timely manner. The INA requires USCIS to decide an application within 120 days of a naturalization examination. 8 U.S.C. § 1447(b). As of the date of this filing, it had been 685 days since the last examination of the Plaintiff was held.

2. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to act on the Application.

4. This action is additionally brought before this Court to exercise its jurisdiction over the Application, and decide on the same, under 8 U.S.C. § 1447(b) as a period of over 120 days has elapsed since the Plaintiff's naturalization examination and no decision has been made by the Defendants.

5. Further, the delay in deciding on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571(b).

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

7. Plaintiff ABIOLA ATINUKE BALOGUN is a resident of Fort Bend County, Texas, and a Permanent Resident of the U.S. She is the Applicant in a properly filed Form N-400, Application for Naturalization [Receipt# IOE9558559937] with United States Citizenship and Immigration Services (hereinafter "USCIS").

8. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Additionally, this Court has jurisdiction under 8 U.S.C. § 1447(b) as a period of over 120 days has elapsed since the Plaintiff's naturalization examination and no decision has been made.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiff has repeatedly requested the Defendants to make a final decision on her Application. Furthermore, Plaintiff has initiated numerous inquiries directly with USCIS, and through Congressman Al Green's office, all to no avail.

15. The Plaintiff has exhausted her administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of her Application.

16. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

17. On July 4, 2020, Plaintiff properly filed Form N-400, Application for Naturalization with the United States Citizenship, and Immigration Service ("USCIS"). **[EXHIBIT A].**

18. On February 19, 2021, USCIS informed Plaintiff that it would be able to reuse her previously captured fingerprints and other biometrics and accordingly Plaintiff would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT B]**.

19.     On July 21, 2021, Plaintiff appeared for her naturalization interview with a USCIS officer at the Houston Texas Field Office. At the conclusion of her interview on July 21, 2021, Plaintiff was notified by the interviewing officer that she had passed the naturalization test, and that her Application was being recommended for approval. **[EXHIBIT C].**

20.     Since July 21, 2021, Plaintiff has made numerous inquiries with USCIS directly, as well as though her Congressman, Al Green, requesting the adjudication of her Application, all to no avail.

21.     Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Application is still pending review, with no indication as to when a decision will be made by USCIS.

22.     Plaintiff's Application now continues to be pending with USCIS for over a total of two years and eleven months (over 35 months 1067 days).

23.     The INA requires USCIS to decide an application within 120 days of an examination being conducted. 8 U.S.C. § 1447(b).

24.     Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff's case for over 685 days since the date of her naturalization examination.

25.     Plaintiff has endured significant financial burdens as a result of the unreasonable period of time that her Application has been pending. Despite showing that she merits approval of her Application, Plaintiff has, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## COUNT I

### VIOLATION OF THE APA- FORM N-400

26. All prior paragraphs are re-alleged as if fully stated herein.

27. Plaintiff has a statutory right to apply for and receive an adjudication of her Application pursuant to 8 U.S.C. § 1446 and § 1447(b).

28. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

29. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

30. Defendants have conducted a significant investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

31. Given the Defendants' lack of a reason for not deciding on Plaintiff's Application within 120 days of the interview, Plaintiff's Application has necessarily been pending for an unreasonably long period of time.

32. A period of 685 days has elapsed since the Plaintiff was subjected to her naturalization examination.

33. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

34. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law regarding Plaintiff's case.

35. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

36. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied his right to become a citizen of the United States and enjoy the benefits thereof.

## COUNT II

### 8 USCA § 1447(b) –JURISDICTION OF THIS COURT OVER APPLICATION

37. All prior paragraphs are re-alleged as if fully stated herein.

38. The INA requires USCIS to decide an application within 120 days of a naturalization examination being completed. 8 U.S.C.A. § 1447(b).

39. A period of over one year and ten months (over 22 months or 685 days) has lapsed since the naturalization examination of the Plaintiff was completed.

40. The government's action in this matter constitutes a violation of its responsibility to decide Plaintiffs' citizenship application within a timely and efficient manner and within the prescribed 120 days after the last examination of the Plaintiff. 8 U.S.C. § 1447(b).

41. With the filing of the instant petition, this Court has jurisdiction over the Application.

42. Plaintiff requests this Court to provide a hearing to adjudicate the Application or, in the alternative, for the court to review the record of the administrative agency and grant citizenship to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court remove jurisdiction from Defendants to exercise its own jurisdiction over the Plaintiff's Application and adjudicate the same.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 6, 2023                          Respectfully submitted,

/s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*